# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORCH, INC. | CIVIL ACTION |
| VERSUS | NO: 08-3738 |
| BRIDGE ASSOCIATES LLC, ET AL | SECTION: "S" (1) |

## ORDER AND REASONS

The Motion for Reconsideration (Doc. #11) by defendant Raymond James and Associates, Inc. (RJA), is **GRANTED.**

## BACKGROUND

The facts were recited in the court's previous ruling (Doc. #10) and are not repeated here. Defendant RJA is moving to reconsider that portion of this court's earlier ruling which denied its Rule 12(b)(6) motion to dismiss plaintiff's claim of stipulation *pour autrui*.[1]

## ANALYSIS

**1. Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.[2] A motion for reconsideration filed more than ten days after the entry of the order is treated as a motion

---

[1] *See* Doc. #10, wherein the court also dismissed plaintiff's shareholder derivative claim.

[2] *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).

for relief under Fed. R. Civ. Proc. 60(b).[3] Rule 60(b) provides several reasons that a court may relieve a party from an order, including the catchall "any other reason that justifies relief."[4]

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[5] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[6] "'Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'"[7]

## 2. Motion for Reconsideration

Central to the claims in plaintiff's complaint are two agreements: an agreement between Torch Offshore Inc. (TOI) and Raymond James Associates (RJA) which was executed on June 17, 2004; and an agreement between Bridge Associates, LLC and TOI which was executed on September 8, 2004. Plaintiff was the 100% shareholder of Torch Offshore LLC; and Torch Offshore

---

[3]*Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 393, 400-01 (5th Cir. 2003).

[4]Plaintiff asserts that defendant's motion must be considered under Rule 59(e). Because defendant's motion was filed more than ten days after the court's ruling, defendant's motion will be considered a Rule 60(b) motion. *See Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).

[5]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[6]*Id.* at 1965.

[7]*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). *See also Katrina Canal Breaches Litigation*, 495 F.3d at 205.

2

LLC owned 59% of TOI.

The court denied defendant's prior motion to dismiss, partly because of defendant's reliance on a letter from RJA to TOI, dated January 5, 2005, which preceded the events of which plaintiff complains. Defendant now reurges its motion to dismiss, and attaches the June 17, 2004, agreement between TOI and RJA, which was not previously before the court. Because plaintiff's complaint refers to the June 17, 2004, agreement, and because the agreement is central to plaintiff's claim, the court will treat the June 17, 2004, agreement as part of the pleadings when reconsidering defendant's motion to dismiss.[8]

Louisiana Civil Code article 1978 provides:

> A contracting party may stipulate a benefit for a third party called a third party beneficiary.
>
> Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.

Under Louisiana law, a contract "for the benefit of a third party is commonly referred to as a stipulation *pour autrui*."[9] The Supreme Court of Louisiana has articulated a three-part test to determine if a contract contains a stipulation *pour autrui* and thereby confers rights in favor of a third party.[10] The court in *Joseph,* in maintaining an exception of no right of action, noted:

> The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party;

---

[8]*Collins,* 224 F.3d at 498-99*; Katrina Canal Breaches Litigation*, 495 F.3d at 20.

[9]*Joseph v. Hospital Service Dist. No. 2 of the Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006).

[10]*Id*. at 1212.

3

> absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. A stipulation pour autrui is never presumed. The party claiming the benefit bears the burden of proof.
>
> The second factor, certainty as to the benefit provided, is a corollary of the requirement of a manifestly clear stipulation. To create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary.
>
> ... [As to the third requirement], not every promise, performance of which may be advantageous to a third person, will create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties.[11]

In its earlier ruling, the court determined that "[p]laintiff has alleged specifically that the RJA/TOI contract was created for the ultimate benefit of TOI's shareholders, that there was a closeness of ownership among the Torch entities, and that the benefit of the RJA/TOI contract was financial advice for the continued viability of TOI." Without benefit of the contents of the June 14, 2004, agreement which is central to plaintiff's claim, the court found that plaintiff had sufficiently alleged a claim for a stipulation *pour autrui*, and denied defendant's motion to dismiss. On motion for reconsideration, the narrow question before the court is whether, in light of the June 17, 2004, letter, plaintiff's complaint has sufficiently articulated a stipulation *pour autrui* claim.

The pertinent provisions of the June 17, 2004, agreement between TOI and RJA state:

> ...
> (c) The Company is a sophisticated business enterprise with competent internal financial advisors and legal counsel, and the

---
[11] *Joseph,* 939 So. 2d at 1212-13 (citations omitted).

> Company has retained Raymond James for the limited purposes set forth in this Agreement. ... The Company disclaims any intention to impose fiduciary or agency obligations on Raymond James by virtue of the engagement contemplated by this Agreement, and Raymond James shall not be deemed to have any fiduciary or agency duties or obligation to any Investors, other business entities or the Company, or their respective officers, directors, shareholders, affiliates or creditors, as a result of this Agreement or the services to be provided pursuant hereto. ...
> ...
> (h) The services provided by Raymond James hereunder are solely for the benefit of the Company and are not intended to confer any rights upon any persons or entities not a party hereto (including, without limitation, security holders, employees or creditors of the Company) as against Raymond James or its affiliates or their respective directors, officers, agents and employees.[12]

Plaintiff asserts that the June 17, 2004, agreement does not change the fact that plaintiff sufficiently alleged its stipulation *pour autrui* claim. Plaintiff asserts that it is against public policy for a contract to nullify fiduciary duties, and that the provision deeming RJA to have no fiduciary duty to TOI, and hence to plaintiff, is against public policy. Plaintiff further argues that it has pleaded that RJA failed to fulfill its contractual obligations and failed to discharge its fiduciary duties to TOI and plaintiff. Plaintiff argues that RJA was in bad faith and as a result, it is liable for all damages, foreseeable or not, as a direct consequence of its failure to perform.

The bedrock of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party. Absent such a clear manifestation, plaintiff who is claiming to be a third party beneficiary cannot meet its burden of proof. Plaintiff points to no provision in the contract which demonstrates a clear intention to benefit it. Further, provision (h) of the contract negates an

---

[12]Doc. #11, Ex. 1 at 4-5.

intent to confer rights to a third-party beneficiary.

As the court explained in *Joseph*, a corporation as a separate juridical entity cannot be disregarded when considering the existence of a stipulation *pour autrui*, and a breach of contract claim does not belong to shareholders of the corporation.[13] Plaintiff is attempting to assert a claim which under the contract does not belong to plaintiff. TOI, not plaintiff, is a party to the contract which is the basis of plaintiff's claim, and TOI's corporate status cannot be ignored. Further, the contract does not confer rights to plaintiff as a third-party beneficiary.

The court holds that, after considering the June 17, 2004, agreement, plaintiff has not stated a claim of a stipulation *pour autrui* that is plausible on its face.

Defendant's motion for reconsideration is **GRANTED**, and plaintiff's claim of stipulation *pour autrui* is dismissed.

New Orleans, Louisiana, this  14th  day of July, 2009.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Joseph,* at 1214-15.